**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CHARLES BURKS,**

                         **Petitioner,**

                                                          **3:00-CR-0189**
          **vs.**                                         **[07-CV-206]**

**UNITED STATES OF AMERICA,**

                         **Respondent**.
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


                         **DECISION & ORDER**

          Charles Burks, _pro se_, filed a petition pursuant to 28 U.S.C. § 2255 seeking to

vacate, set aside or correct his sentence issued following his plea of guilty to violating the

terms of his supervised release. See Judgment on Revocation [dkt. # 71].   In his petition,

Burks contends that his attorney was constitutionally ineffective because he failed to file a

timely notice of appeal from the Judgment of Revocation.   See Pet. ¶ 12 [dkt. # 74].   In

opposition to the petition, the Government submits an affidavit from Burks' attorney who

attests that "[t]o date, I have never been requested to file a Notice of Appeal for Mr.

Burks."  Sprotbery Aff. ¶ 5.  Counsel further notes that, despite Burks' filing of a complaint

with the New York State Committee on Professional Standards regarding counsel's

representation surrounding the supervised release violation proceeding, Burks never

mentioned counsel's purported failure to file a notice of appeal. Id. ¶ 3 & Attach. A (Burks

                                        1

Compl. to the Comm. on Prof. Stand.).  In reply to the Government's evidence, Burks submits a motion seeking to dismiss his Section 2255 petition. See Pet. Mot. to Dismiss [dkt. # 83].

The failure to file a notice of appeal, when requested by a defendant following a conviction, is deemed ineffective assistance of counsel within the meaning the Sixth Amendment. See United States v. Fuller, 332 F.3d 60, 64 (2d Cir.  2003); Garcia v. United States, 278 F.3d 134, 137 (2d Cir. 2002); McHale v. United States, 175 F.3d 115, 119 (2d Cir. 1999); see also  Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.");  Strickland v. Washington, 466 U.S. 668, 687-88 (1984)(To state a cognizable Sixth Amendment claim for ineffective assistance of counsel, Petitioner must prove: (1) counsel's conduct fell below an objective standard of reasonableness, and (2) this incompetence caused prejudice to defendant.). "At the other end of the spectrum, a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." Roe v. Flores-Ortega, 528 U.S. at 477.  By the same reasoning, if a defendant does not request that a notice of appeal be filed, no ineffective assistance claim is made out simply because no notice of appeal is filed. See id. at 479.

When such a claim is raised in a Section 2255 proceeding, the Court must afford "the assertedly ineffective attorney an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs." Eze v. Senkowski, 321 F. 3d 110, 136 (2d Cir. 2003); see Chang v. United States, 250 F.3d 79, 84-85 (2d Cir. 2001)(not requiring counsel to testify because of the submission of a detailed affidavit).  Burks bears the

2

burden of proof on his Section 2255 motion. <u>Triana v. United States</u>, 205 F.3d 36, 40 (2d

Cir. 2000), <u>cert. denied</u>, 531 U.S. 956 (2000); <u>Harned v. Henderson</u>, 588 F.2d 12, 22 (2d

Cir. 1978).  Because he seeks to withdraw his motion upon being confronted with the

"assertedly ineffective" attorney's affidavit unequivocally denying that Burks, or anyone on

his behalf, requested that a notice of appeal be filed, and because he has otherwise failed

to substantiate his claim, he has failed to carry his burden of establishing ineffectiveness.

Therefore, it is hereby

   **ORDERED** that Petitioner's motion to dismiss his Section 2255 Petition [dkt. # 83]

is **GRANTED**, and it is further

   **ORDERED** that Petitioner's Section 2255 Petition [dkt. # 74] is **DISMISSED**.


**IT IS SO ORDERED**.

DATED: June 28, 2007


Thomas J. McAvoy
Senior, U.S. District Judge